## Edward T. Stokes, Defendant in Error, v. Robert H. Howe, Plaintiff in Error.

### Gen. No. 15,254.

CONTRACTS—*when person ordering work done liable.* One who represents himself as the owner of property and orders work done thereon is liable for the debt thus created.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

THOMAS J. MORGAN, for plaintiff in error.

J. J. O'CONNOR, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment for $104.38 against defendant, Robert H. Howe. The suit was originally com-

menced against him and his wife, Annie T. Howe, but subsequently dismissed as to her.

There is evidence tending to show that the wife, Annie T. Howe, was owner of the premises known as No. 1014 Sheridan road, Evanston, which at the time the work was done for which plaintiff recovered in this suit, was occupied by one Charles Anthony under a lease from said Annie T. Howe. About the middle of February, 1907, the tenant complained to the health department of the city of Evanston to the effect that the premises in question were in a very unsanitary condition. A sanitary inspector of that department thereupon inspected the premises and notified Mrs. Annie T. Howe by letter of the conditions as he found them. The tenant meanwhile called on the plaintiff Stokes, who is a plumber, and asked him to examine the plumbing. Plaintiff did so and found that the main sewer leading from the house was stopped up with dead leaves. After working one day and part of the next and finding the cause of the trouble, plaintiff instructed his men not to go on with the work unless the owner should so direct. It appears from the testimony of plaintiff's witnesses that while they were there at work the defendant, Robert H. Howe, came there with another plumber, and that on being informed by plaintiff's workmen as to the cause of the trouble and stating that he was the owner of the building, he told plaintiff's workmen that as they were doing the work they "might as well finish it and do a good job." Plaintiff accordingly finished the work. He states that he mailed his bill to Annie T. Howe the first of each month for five or six months, and after threatening to sue received from her a threatening letter. He thereupon commenced this suit.

The defendant Howe in his testimony states that on Friday, February 15, 1907, his wife showed him a letter addressed to her relating to the condition of the house; that he went out to the premises and found two workmen there at work on the sewer; that he inquired what they were doing, but did not say anything to them with reference to going on with the work. He says his wife owned the property. Upon this state of facts the trial court dismissed as to Annie T.

Howe on the ground that the evidence showed no liability on her part, and gave judgment against the husband.

There is conflict in the evidence as to whether the defendant Howe stated to the plaintiff's workmen that he was the owner of the premises and directed them to go on with the work, but on this question of fact the evidence preponderates against him. Even though the title of record stood in the name of his wife, it appears from the preponderating evidence that defendant held himself out as the real owner and directed plaintiff to go on with the work; and from defendant's evidence it appears that he was there because of the letter his wife had received relating to the sewer. Having stated that he was the owner and directed the plaintiff to do the work, we find no error in the action of the court holding him liable for work done under his orders on property he claimed to own, and which he and his wife have since conveyed by a deed in which both joined.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*